UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LIDO ADVISORS, LLC, | ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 25-156-DCR |
| V. | ) ) ) | |
| MERIDIAN WEALTH MANAGEMENT, LLC, et al., | ) ) ) | **MEMORANDUM ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Lido Advisors, LLC, ("Lido") filed this action on May 5, 2025, against Defendants Meridian Health Management, LLC ("Meridian"), Greg W. Couch, and Andrew Norden, asserting claims for violation of the federal Defend Trade Secrets Act, tortious interference with contract, aiding and abetting breach of a fiduciary duty of loyalty, and civil conspiracy. [Record No. 1] Lido alleges that defendants solicited its clients using trade secret and confidential information misappropriated by Brycen Coward, a former employee of Lido who is now employed by Meridian. [*Id.*] Defendants have filed two motions to dismiss—one for lack of subject matter jurisdiction and another for failure to state a claim—pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Record Nos. 13 and 14]

This matter arises from an employment dispute between Plaintiff Lido Advisors, LLC, a Los Angeles, California-based wealth management firm and its former employee, Bryce Coward, a Colorado resident [Record No. 1] Because Lido and Coward are parties to an arbitration agreement, Lido initiated arbitration proceeds against Coward and he is not a party to this action. [*Id.*] On July 5, 2024, Lido also filed suit in Denver County District Court

- 1 -

against the same defendants named here. [Record No. 13-1] That complaint is nearly identical to the present one, except that the trade secret claim is brought under the Colorado Uniform Trade Secret Act. [Record No. 13-1 at ¶¶ 87- 100; Record No. 1 at ¶¶ 78-91]. The jointly-represented defendants in that case, Couch, Norden, and Meridian, moved to dismiss for lack of personal jurisdiction. [Record No. 13-2] On December 12, 2024, the Denver District Court granted the motion and dismissed that case with prejudice. [Record No. 13-3] Lido appealed the ruling, and the appeal remained pending as of the filing of the motions to dismiss. [Record No. 13-4]

In view of the arbitration between Lido and Brycen Coward—the employee central to the claims against defendants in this action—the Court requests that the parties submit a joint status report regarding the status of that arbitration. The status report should also include an update on the appeal before the Colorado Court of Appeals concerning the Denver District Court's dismissal of the case with prejudice.

Additionally, the Court directs the parties to brief why this action should not be stayed pending the outcome of arbitration between Lido and Coward and regarding the outcome of the appeal before the Colorado Court of Appeals. District courts have discretion to stay claims among non-arbitrating parties pending the outcome of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21, n. 23 (1983) ("[I]t may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court … as a matter of its discretion to control its docket."). In deciding whether to stay non-arbitrable claims, a district court should consider "whether [the] arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *Leafguard of Kentuckiana, Inc. v. Leafguard of*

*Kentucky, LLC*, 138 F. Supp. 3d 846, 859 (E.D. Ky. 2015) (quoting *Rose v. Volvo Cost. Equipment N. Am., Inc.,* No. 1:05 CV 168, 2007 WL 893049 (N.D.Ohio Mar. 20, 2007). Here, Coward's alleged actions are directly intertwined with the claims that Lido has asserted against the defendants.

Being sufficiently advised, it is hereby **ORDERED** as follows:

1. By **Wednesday, November 12, 2025**, the parties are directed to file a joint status report informing the Court of: (1) the status of the arbitration between Plaintiff Lido Advisors, LLC, and Brycen Coward; and (2) the status of the appeal before the Colorado Court of Appeals between Plaintiff Lido Advisors, LLC, and Defendants Meridian Health Management, LLC ("Meridian"), Greg W. Couch, and Andrew Norden. Subject to intervening orders, the parties are directed to continue to file joint status reports every 45 days, beginning 45 days after November 12, 2025.

2. By **Wednesday, November 19, 2025,** the parties are directed to file briefs, not exceeding 10 pages, addressing whether this action should be stayed pending the resolution of the arbitration and the appeal before the Colorado Court of Appeals.

Dated: November 4, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky